Filed 5/13/25  In re A.A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re A.A., a Person Coming Under the Juvenile Court Law. | |
| | D085529 |
| IMPERIAL COUNTY DEPARTMENT OF SOCIAL SERVICES, | |
| | (Super. Ct. No. JJP001393) |
| Plaintiff and Respondent, | |
| v. | |
| P.A. et al., | |
| Defendants and Appellants. | |

APPEAL from orders of the Superior Court of Imperial County, William D. Quan, Judge.  Reversed and remanded.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant P.A.

Marisa L. D. Conroy, under appointment by the Court of Appeal, for Defendant and Appellant J.A.

Kelly Ranasinghe, Deputy County Counsel, for Plaintiff and Respondent.

J.A. (Mother) and P.A. (Father) filed notices of appeal after their parental rights were terminated.  (Welf. & Inst. Code, § 366.26.)  In their opening briefs, they argued the Imperial County Department of Social Services (the Department) failed to comply with its duties under the Indian Child Welfare Act (ICWA) (25 U.S.C. ch. 21, § 1901 et seq.).  The Department agrees.  The parties filed a joint stipulation for conditional reversal and limited remand.  (See Code Civ. Proc., § 128, subd. (a)(8) (all further statutory references are to the Code of Civil Procedure).)  Because we conclude the motion has merit, we conditionally reverse the order and remand the matter.

BACKGROUND

A. General Background

The Department filed a petition after a sheriff's deputy found four-month-old A.A. alone in a vehicle, while his parents were approximately 35 yards away.  The Department alleged A.A. was dirty, with matted hair and a scaly patch on his scalp, a soiled diaper, and a severe diaper rash.  His mother appeared to be under the influence of an illicit substance.  His father had fled from deputies four days earlier, with A.A., and he made criminal threats against the landlord on the date deputies found A.A. alone.

The court found the allegations true at a June 17, 2024 contested jurisdiction hearing.  Following a contested disposition trial on August 26, 2024, the court denied reunification services.  The court held a trial to terminate parental rights on January 22, 2025.  At that hearing, the court terminated parental rights and found A.A. adoptable.

B. ICWA

Both parents reported to the social worker there was reason to believe A.A. is a Native American child and completed Parental Notification of

2

Indian Status forms. Father identified potential Native American ancestry by his father and grandmother. He provided their names and identified their tribes. Mother thought she may have Native American ancestry through her grandmother or grandfather, without providing names. She was unsure of any tribe. The Department contacted the identified tribes, but it did not provide biographical information. Department reports note that ICWA "does or may apply."

On June 17, 2024, the court noted it had received notices back from two of four Native American tribes contacted. It did not make an affirmative order regarding ICWA at that hearing. It also did not address ICWA at the hearing terminating parental rights on January 22, 2025.

After Mother and Father filed their opening briefs, the parties filed a joint motion to conditionally reverse the order and remand the matter to the juvenile court pursuant to section 128, explaining they agree the Department did not conduct a proper inquiry under ICWA and its California counterpart, the California Indian Child Welfare Act (Welf. & Inst. Code § 224.2, et seq.). Because the parties have satisfied the requirements of section 128, we grant the request.

DISCUSSION

We may not reverse a judgment upon stipulation of the parties unless we find: (1) "There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal"; and (2) "The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (§ 128, subd. (a)(8)(A), (B).) These requirements are satisfied.

3

First, there is no reasonable probability the interest of nonparties or the public will be adversely affected by the conditional reversal.  The only nonparties whose rights are at issue are those of the prospective adoptive parents.  "The stipulation to reverse materially advances the pace of the decisionmaking process, which actually on the whole benefits the potential adoptive parents."  (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 380–381 (*Rashad H.*).)

Second, the parties' reasons for reversal outweigh any risk of erosion of public trust.  They seek conditional reversal because they agree the juvenile court erred.  Public trust is advanced, not eroded, by stipulated reversals to resolve judicial error.  (*Rashad H., supra,* 78 Cal.App.4th at pp. 380–381.)

Third, there is no evidence that the availability of a stipulated reversal here would reduce incentives for pretrial settlement.  Welfare and Institutions Code section 366.26 does not contemplate pretrial settlement.

DISPOSITION

The orders entered by the juvenile court on January 22, 2025, made pursuant to a hearing under Welfare and Institutions Code section 366.26, are conditionally reversed. The matter is remanded to the juvenile court for the limited purpose of conducting further inquiry as required by the Indian Child Welfare Act and the California Indian Child Welfare Act. After proper inquiry has been completed and any notice requirements are met, if any tribes claim A.A. is a Native American child, the court shall proceed in conformity with ICWA and the parallel California statute. If not, the court shall reinstate the order terminating parental rights. Remittitur shall issue immediately.

DO, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

5